UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICSON OLFATO NAZARENO, <br> Plaintiff, <br> v. <br> UR JADDOU, <br> Defendant. | Case No. 21-cv-00326-DMR <br><br> **ORDER ON DEFENDANTS' MOTION TO DISMISS** <br> Re: Dkt. No. 35 |

Plaintiff Ericson Olfato Nazareno filed this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. seeking to reverse the decision by the United States Citizenship and Immigration Services ("USCIS") denying his Form I-485 request to adjust his immigration status. Defendant Ur Jaddou, Director of USCIS, now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the first amended complaint for lack of subject matter jurisdiction.[1] [Docket No. 35.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.   BACKGROUND**

Nazareno was born in the Philippines in 1970. [Docket No. 27 (Am. Compl.) ¶ 29.] He has resided in the United States since December 1991 when he entered this country "as a

---

[1] Defendant makes a factual attack on subject matter jurisdiction, relying on extrinsic evidence outside the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("in a factual attack [on jurisdiction], the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."). [*See* Docket No. 35-2 (Ferri Decl., Sept. 17, 2021).] Defendant made certain factual contentions about actions USCIS took after Nazareno filed the complaint that were not supported by evidence and submitted an exhibit to the motion that was not properly authenticated in accordance with Civil Local Rule 7-5(a). Accordingly, the court ordered Defendant to submit evidentiary support for the contentions at issue and to authenticate the exhibit. The court also granted Nazareno leave to file any evidentiary objections to the submissions. [Docket No. 46.] Defendant timely filed a response and Nazareno submitted objections. [Docket Nos. 47, 47-1 (Burger Decl., Dec. 9, 2021), 48.]

'crewman.'" *Id*. at ¶ 7. Nazareno alleges that his "stay in the United States is currently authorized pursuant to" pending asylum and adjustment of status applications. *Id*. at ¶¶ 8, 9. At issue in this case is his attempt to adjust his status under 8 U.S.C. § 1255(i), which permits certain noncitizens who are physically present in the United States to adjust their status to that of "an alien lawfully admitted for permanent residence" if they are the beneficiary of another petition that was filed on or before April 30, 2001.[2]

Nazareno alleges that in 1969, his uncle, Filomeno Nazareno, filed a "petition on behalf

---

[2] Section 1255(i) states in relevant part:

> **(i) Adjustment in status of certain aliens physically present in United States**
>
> **(1)** Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States--
> **(A)** who--
> **(i)** entered the United States without inspection; or
> **(ii)** is within one of the classes enumerated in subsection (c) of this section;
> **(B)** who is the beneficiary (including a spouse or child of the principal alien, if eligible to receive a visa under section 1153(d) of this title) of--
> **(i)** a petition for classification under section 1154 of this title that was filed with the Attorney General on or before April 30, 2001; or
> **(ii)** an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before such date; and
> **(C)** who, in the case of a beneficiary of a petition for classification, or an application for labor certification, described in subparagraph (B) that was filed after January 14, 1998, is physically present in the United States on December 21, 2000;
>
> may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence. . . .
> **(2)** Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if--
> **(A)** the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and
> **(B)** an immigrant visa is immediately available to the alien at the time the application is filed.
> . . .

8 U.S.C. § 1255(i).

2

of" Nazareno's father, Porfiro Berganos Nazareno, and that upon Nazareno's birth in 1970, Nazareno "became a derivative beneficiary of the petition filed by his uncle." *Id*. at ¶¶ 31, 34.  He alleges that "the law is clear that an eligible derivative beneficiary . . . will be 'grandfathered' for purposes of INA § 1255(i) so long as the qualifying relationship existed prior to April 30, 2001." *Id*. at ¶ 2 (citing *Matter of Estrada*, 26 I. & N. Dec. 180, 184-85 (BIA 2013)).  Therefore, he alleges, he "is a grandfathered alien for the purposes of § 1255(i) eligibility" based on the "qualifying petition" filed by his uncle.  Am. Compl. ¶ 2.

On February 10, 2020, Nazareno filed a Form I-485, Application to Register Permanent Residence or Adjust Status, seeking to adjust his status under 8 U.S.C. § 1255(i) based on an approved immigrant visa petition filed by his U.S. citizen daughter. *Id*. at ¶¶ 35, 37.  He simultaneously filed applications for employment authorization, advance parole, and waiver of inadmissibility. *Id*. at ¶ 36.  Nazareno submitted "evidence of his eligibility under § 1255(i) including documentation that he was the derivative beneficiary of an immigrant visa petition filed on behalf of his father." *Id*. at ¶ 38.  USCIS requested additional evidence of Nazareno's eligibility under section 1255(i), which Nazareno timely provided. *Id*. at ¶¶ 39, 40.  On August 20, 2020, USCIS denied Nazareno's I-485 application based on its finding that "Nazareno did not submit evidence that he was 'the spouse [or] child of the principal beneficiary at the time the eligible immigrant visa petition (or labor certification) was submitted.'" *Id*. at ¶¶ 41, 42.  It also denied the associated applications for employment authorization, advance parole, and waiver of inadmissibility based on the denial of the Form I-485 application. *Id*. at ¶ 43.  USCIS subsequently denied Nazareno's request for reconsideration of the decision. *Id*. at ¶¶ 44-47.

Nazareno filed this action on January 13, 2021, challenging USCIS's August 20, 2020 denial of his application to adjust status under section 1255(i).  [Docket No. 1 (Compl.) ¶¶ 50-52.]

On April 21, 2021, USCIS sua sponte vacated the August 2020 denial of the Form I-485 application and reopened it along with the associated application for waiver of inadmissibility (Form I-601), "and treated [Nazareno] as eligible to file under 8 U.S.C. § 1255(i)."  Burger Decl. ¶ 6; Am. Compl. ¶ 52.  The court then granted the parties' stipulation to stay the proceedings in this case pending USCIS's readjudication of the applications.  [Docket No. 19.]

3

On June 8, 2021, USCIS denied Nazareno's I-601 application for waiver of inadmissibility based on its finding that Nazareno did not establish the requisite "extreme hardship" to his qualifying relative spouse.[3] Burger Decl. ¶¶ 7, 9, Ex. at ECF pp. 10-17; Am. Compl. ¶ 53. On the same date, USCIS denied Nazareno's I-485 solely based on the denial of the I-601 application for waiver of inadmissibility.[4] Burger Decl. ¶¶ 7, 9, Ex. at ECF pp. 3-9; Am. Compl. ¶ 54.

Nazareno alleges that USCIS denied the applications without first issuing a Request for Evidence ("RFE") or Notice of Intent to Deny ("NOID"), even though USCIS policy "instructs USCIS officers to issue [an RFE or NOID] when additional evidence 'could potentially demonstrate eligibility for an immigration benefit.'" Am. Compl. ¶¶ 26, 56. He further alleges that "USCIS made no effort to determine if the COVID-19 Pandemic had materially impacted or changed [his] circumstances prior to issuing a decision" on his applications for waiver of inadmissibility and adjustment of status." *Id*. at ¶ 61.

Nazareno challenges USCIS's June 8, 2021 decision denying his applications for waiver of inadmissibility and adjustment of status as contrary to established law under the APA. *See id*. at ¶¶ 2, 66, 67, 70. He also challenges USCIS's August 10, 2020 denial of his application for adjustment of status based on ineligibility under section 1255(i) as "unlawful and contrary to clear precedent." *Id*. at ¶ 69.

Additionally, Nazareno alleges that USCIS's policy manual provides that "a derivative beneficiary must 'demonstrate that he or she was the spouse or child (unmarried and under 21 years of age) of a grandfathered principal beneficiary on the date the qualifying petition or

---

[3] Under 8 U.S.C. § 1182(a)(6)(C)(i), any noncitizen "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States . . . is inadmissible." The Attorney General may waive the foregoing provision "in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien . . ." 8 U.S.C. § 1182(i)(1).

[4] Specifically, since USCIS denied Nazareno's I-601 application for waiver of inadmissibility, it concluded that he was not qualified to adjust status. *See* 8 U.S.C. § 1255(i)(2)(A) (providing that "the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if . . . the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence . . ."

1    application was properly filed'" in order to be eligible to seek adjustment under section 1255(i)

2    adjustment. *Id*. at ¶ 20 (emphasis removed). He asserts that this policy "is contrary to controlling

3    precedent and is unlawful" and asks for injunctive relief in the form of an order to USCIS "to

4    remove its unlawful policy regarding § 1255(i) from its policy manual." *Id*. at ¶ 68; Prayer for

5    Relief 6.

6    On August 10, 2021, Department of Homeland Security ("DHS") filed a Notice to Appear

7    ("NTA") to initiate removal proceedings against Nazareno. [Docket No. 35-2 (Ferri Decl., Sept.

8    17, 2021) ¶¶ 3-4, Ex. (NTA).] Defendant now moves to dismiss the amended complaint for lack

9    of subject matter jurisdiction. [Docket No. 35.]

## II.   LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

## III.   DISCUSSION

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction. Defendant argues that there is no final administrative action subject to review because DHS

initiated removal proceedings in immigration court on August 10, 2021. *See* NTA. Under the APA, an individual may obtain judicial review of either an "[a]gency action made reviewable by statute" or a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The first category does not apply here because no statute authorizes judicial review of a denial of status adjustment. *See Cabaccang v. USCIS*, 627 F.3d 1313, 1315 (9th Cir. 2010). As to the second category, Ninth Circuit law makes clear that the denial of status adjustment is not a "final agency action" subject to review during the pendency of removal proceedings because an individual has the right to renew an application to adjust status before an immigration judge, and the immigration judge "has unfettered authority to modify or reverse" the denial of any such application. *Id*. at 1315-16. Additionally, an individual in removal proceedings has not exhausted their administrative remedies, absent "exceptional circumstances." *Id*. at 1316-17. Therefore, "district courts lack jurisdiction to review denials of status adjustment if removal proceedings are simultaneously pending." *Id*. at 1317. *See, e.g., Orozco v. Valeika*, No. 21-CV-04690-CRB, 2021 WL 4924853, at *3 (N.D. Cal. Oct. 21, 2021) (dismissing complaint challenging denial of adjustment of status applications for lack of subject matter jurisdiction after the government initiated removal proceedings).

Nazareno does not dispute that "the initiation of removal proceedings moots some of the relief requested" in the amended complaint. He concedes that under *Cabaccang*, the court lacks jurisdiction over his claims challenging the August 10, 2020 and June 9, 2021 USCIS decisions denying his applications for adjustment of status. Opp'n 2, 8 (noting that Nazareno "is entitled to seek review of his denied application for adjustment of status in removal proceedings"). Accordingly, those claims are dismissed without prejudice to Nazareno's ability to file another action "if jurisdiction later lies in this court." *See Orozco*, 2021 WL 4924853, at *3.

Nazareno nevertheless asserts that his claim for injunctive relief should move forward. The amended complaint seeks injunctive relief with respect to USCIS's "unlawful policy regarding eligibility for benefits under 8 U.S.C. § 1255(i)." Nazareno challenges USCIS's alleged policy that "a derivative beneficiary must 'demonstrate that he or she was the spouse or child (unmarried and under 21 years of age) of a grandfathered principal beneficiary on the date the

qualifying petition or application was properly filed'" in order to be eligible to seek adjustment under section 1255(i) adjustment (the "section 1255(i) policy"). He claims that this policy is unlawful and contrary to law under the APA. Opp'n 2; *see* Am. Compl. ¶ 20 (emphasis removed). According to Nazareno, the section 1255(i) policy is a reviewable final agency action, he has exhausted all available remedies to challenge the policy, and the matter is therefore ripe for review. Opp'n 3-9.

In response, Defendant argues that Nazareno lacks standing to challenge the section 1255(i) policy because he has not been injured by it. Reply 6-8. Article III standing "is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). To satisfy Article III's standing requirements, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Here, the amended complaint alleges that USCIS applied the alleged policy when it denied his I-485 application for adjustment of status on August 20, 2020. *See* Am. Compl. ¶¶ 41, 42. However, USCIS vacated that denial on April 21, 2021 when it reopened the I-485 and I-601 applications. It subsequently denied the I-485 application on a different ground and without reference to Nazareno's eligibility for adjustment of status pursuant to section 1255(i). Burger Decl. ¶ 6; Ex. at ECF pp. 3-9 (June 8, 2021 denial of I-485).[5] Nazareno concedes that USCIS did

---

[5] On reply, Defendant argues that "USCIS *sua sponte* vacated its August 2020 decision, *deemed* Plaintiff eligible to apply for adjustment of status under Section 1255(i), and proceeded to adjudication of Plaintiff's I-485 application on the merits." Reply 3, 6 (emphasis in original). In his declaration, Burger states that when USCIS reopened Nazareno's Forms I-484 and I-601, it "*treated* the plaintiff as eligible to file under 8 U.S.C. § 1255(i)." Burger Decl. ¶ 6 (emphasis added). In response, Nazareno asks the court to "strike, disregard, or treat as implausible" Burger's assertion that USCIS "treated" him as eligible to apply to adjust status under section 1255(i) because it does not support Defendant's contention that USCIS "deemed" him eligible to apply for adjustment of status. [Docket No. 48.] He goes on to argue that "[i]t is unclear from [Burger's statement] that USCIS determined that Plaintiff meets the requirements for 1255(i)

7

1    not apply the section 1255(i) policy to him in its final action; the operative complaint
2    acknowledges that the June 8, 2021 denial of his application for adjustment of status "makes no
3    reference to [his] eligibility for adjustment of status pursuant to § 1255(i)." Am. Compl. ¶ 55.
4    Therefore, Nazareno has not suffered any injury in fact as a result of USCIS's application of the
5    challenged section 1255(i) policy.

6        Nazareno argues that even if the section 1255(i) policy was not "directly applied" to his
7    application for adjustment of status, he "is left uncertain as to whether USCIS would again apply
8    this unlawful policy to future applications," which "constrain[s]" his "ability to exercise rights or
9    options in removal proceedings or beyond." Opp'n 7-8. A plaintiff seeking injunctive relief must
10   demonstrate a "real or immediate threat that they will be wronged again—a likelihood of
11   substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111
12   (1982) (quotation omitted). "[T]he injury or threat of injury must be both 'real and immediate,'
13   not 'conjectural' or 'hypothetical.'" *Id*. at 102 (citations omitted). This requirement is fatal to
14   Nazareno's claim that he may be harmed by the policy in the future, since a "threatened injury
15   must be *certainly impending* to constitute injury in fact"; "[a]llegations of possible future injury
16   are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original;
17   quotation marks omitted). Nazareno's claim that USCIS may deny a future I-485 application
18   pursuant to the section 1255(i) policy is speculative.

19       In sum, the court concludes that Nazareno lacks standing to bring an APA claim
20   challenging USCIS's section 1255(i) policy because he has not established an injury in fact or a
21   "real and immediate" threat that he will be injured by USCIS's policy. This claim is dismissed
22   without leave to amend.[6]

---

eligibility or, if USCIS merely *treated* Plaintiff's case temporarily as if the 1255(i) issue could be resolved in his favor . . . ." *Id*. at 2 (emphasis in original). Assuming without deciding that there is an inconsistency between the terms "deemed him eligible" and "treated him as eligible," the court need not resolve any such inconsistency. It is undisputed that USCIS did not rest its June 2021 denial of his I-485 petition on his eligibility for adjustment of status under section 1255(i).

[6] After the briefing on the motion was complete, Nazareno filed a motion "to submit supplemental pleadings" to "update the Court and record as [to] developments" that occurred after he filed the amended complaint. [Docket No. 44.] Specifically, Nazareno contends that on October 28, 2021, USCIS issued notification to him that it was "administratively closing" his application to adjust

United States District Court
Northern District of California

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the amended complaint is granted. The dismissal is without prejudice to Nazareno's ability to file another action after his removal proceedings and appeals end or are administratively closed. *See Orozco*, 2021 WL 4924853, at *3 n.2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: April 19, 2022



IT IS SO ORDERED
Donna M. Ryu
United States Magistrate Judge

---

status because it lacked jurisdiction over the I-485. *Id*. at 2. Nazareno states that "[b]oth parties agree that this development does not fundamentally alter their legal arguments" with respect to Defendant's motion to dismiss. *Id*. The motion to submit supplemental pleadings is denied as moot.